UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. CESAR ROMERO-CHAVEZ          Docket Number: 05-cr-00522-REB-01

**Petition on Supervised Release**

COMES NOW, Andrea L. Bell, probation officer of the court, presenting an official report upon the conduct and attitude of Cesar Romero-Chavez who was placed on supervision by the Honorable Robert E. Blackburn sitting in the court at Denver, Colorado, on the 7th day of April, 2006, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.      If the defendant is deported, he shall not thereafter re-enter the United States illegally.  If the defendant re-enters the United States legally, he shall report to the nearest United States Probation Office within seventy-two hours of his return.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the supervised release violation in Docket 05-cr-00522-REB-01 and the pending sentencing in Docket No. 07-cr-00421-REB-01 be scheduled for a consolidated hearing on May 16, 2008, at 9:00 a.m.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 17th day of April, 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/Andrea L. Bell |
| | Andrea L. Bell |
| s/ Robert E. Blackburn | U.S. Probation Officer |
| Robert E. Blackburn | Place: Denver, Colorado |
| U.S. District Judge | |
| | Date: April 15, 2008 |

## ATTACHMENT

On April 7, 2006, the defendant was sentenced in United States District Court, Denver, Colorado, following his conviction for Illegal Re-entry After Deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). A sentence of eighteen (18) months imprisonment and three (3) years supervised release was imposed with a special condition prohibiting the defendant from illegally re-entering the United States.

The special conditions of supervised release were read to the defendant while in open court at sentencing. In addition, the defendant received a copy of the judgment prepared in this matter, as reflected in the Return of Service which states: "defendant was delivered on June 15, 2006, to BSC at Big Springs, Texas, with a certified copy of this judgment."

The defendant was released to his three (3) year term of supervised release on March 28, 2007.

The defendant has committed the following violations of supervised release:

1)      **VIOLATION OF LAW:**

On or about September 17, 2007, the defendant committed the offense of Illegal Re-entry After Deportation, a Class C felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), which constitutes a Grade B violation of supervised release.

This charge is based on the following:

On September 17, 2007, the defendant was found in the State and District of Colorado without having the consent of the Attorney General or any statutorily authorized official for reapplication for admission to the United States. The defendant was charged with the above offense in United States District Court, Denver, Colorado, Docket No. 07-cr-00421-REB-01.

The plea agreement stipulates: "The defendant is a citizen of Mexico, and not a citizen or national of the United States. Therefore, he is classified as an 'alien' under federal immigration and criminal law.

"On September 17, 2007, the United States Immigration and Customs Enforcement (ICE) became aware of the defendant's presence in Colorado after he had been stopped by a Colorado State Patrol trooper on Interstate 25 near Colorado Springs. He had been taken into custody on state charges after presenting false identification documentation. An ICE-designated Colorado State Patrol officer confirmed he was an illegal alien who had been deported from the United States subsequent to felony convictions.

"Records of this Court reflect on or about April 7, 2006, the defendant was convicted of Illegal Reentry After Deportation Subsequent to an Aggravated Felony Conviction, a violation of 18 U.S.C. § 1326(a)(b)(2) *(sic)*. ICE records reflect that subsequent to this conviction, he was deported from the United States to Mexico, on or about May 8, 2007.

"The defendant's return to and his being found in the United States following his 2007 deportation was without permission of the United States government. The defendant did not apply for re-admission to the United States, and neither the Attorney General, the Secretary of Homeland Security or any other authorized official of the United States expressly consented to the defendant's reapplication for admission to the United States."

This matter is set for sentencing on May 16, 2008, at 9:00 a.m.

**2)**     <u>**IF DEPORTED, THE DEFENDANT SHALL NOT ILLEGALLY RE-ENTER THE UNITED STATES:**</u>

On or about September 17, 2007, the defendant committed a violation of supervised release by being found in the United States without the consent of the Attorney General of the United States, which constitutes a Grade C violation of supervised release.

This charge is based on the following:

The defendant was originally sentenced in the District of Colorado on April 7, 2006, following his conviction for Illegal Re-entry After Deportation, a Class C felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The court imposed a sentence of eighteen (18) months imprisonment and three (3) years supervised release. A special condition expressly prohibiting the defendant from illegally re-entering the United States during the term of supervised release was imposed as Special Condition Number 1 (Docket No. 05-cr-00522-REB-01).

The defendant completed his term of imprisonment on March 28, 2007, and was released to immigration authorities. His supervised release was activated on that date.

On or about May 8, 2007, the defendant was deported from the United States through El Paso, Texas. Thereafter, the defendant was found to be illegally in the United States on September 17, 2007.